IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>45.43 ACRES OF LAND SITUATE IN ADA COUNTY, STATE OF IDAHO; ORCHARD LAND, LLC; ORCHARD ROAD, LLC; STATE OF IDAHO; and NEIL HELMICK,<br><br>    Defendants. | CASE NO. CV 08-463-S-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# I.
# Background

The United States ("Plaintiff" or "Government") brought this action to condemn an easement and right-of-way across land owned by Defendants Orchard Land LLC and Orchard Road LLC ("Defendants" or "Orchard"). The Government seeks to construct and operate a railroad and access road so that the Union Pacific Railroad will connect to the Government's military training facility at Gowen Field. (Pl.'s Mem. at 2, Docket No. 16-2.) Currently, the

**MEMORANDUM DECISION AND ORDER - 1**

railroad does not reach the military training site.[1]  The Government filed a Declaration of Taking and Complaint for Condemnation on November 3, 2008 (Docket Nos. 1, 4) on behalf of the United States Army.  (Docket No. 1.)  Orchard answered the Complaint, disputing the Government's authority for the taking, and asserting various affirmative defenses and objections.  (Docket No. 11.)  The Government filed a motion under Fed. R. Civ. P. 12(f) seeking to strike paragraphs 2, 6, and 9-16 of Orchard's Answer, claiming that Orchards' defenses and denials are improper because the only issue presented for judicial review is whether the purpose for which the property was taken constitutes a congressionally authorized public use.  (Pl.'s Mem. at 2, Docket No. 16-2.)  Orchard argues otherwise, and objects to the Government's motion.

The Court heard oral argument on April 29, 2009, and the matter was taken under advisement.  Both parties availed themselves of the opportunity to submit additional legal authorities for the Court's consideration.  (Docket Nos. 34, 35.)  After carefully considering the parties' briefs, the relevant legal authority, and the parties' arguments during the hearing, the Court will grant in part and deny in part Plaintiff's Motion to Strike, as more fully explained below.

## II.
## Arguments of the Parties

The Government asserts that its taking of the easement is authorized by 10 U.S.C. § 2663(c)(1), which authorizes the acquisition of land by condemnation for military purposes and includes authority to acquire "any interest in land that the Secretary determines is needed in the interests of national defense . . . and does not cost more than $750,000 . . . ."  10 U.S.C.

---

[1] In a related case, the Government sought to condemn an easement across adjacent land for the same purpose.  *See U.S. v. 52.95 Acres, et.al.*, Case No. CV 08-464 (Dist. Idaho 2008).  Orchard Defendants do not own an interest in that property.

**MEMORANDUM DECISION AND ORDER - 2**

§ 2663(c)(1).  (Pl.'s Mem. at 4, Docket No. 16-2.)  The Government deposited $34,000.00 as estimated compensation for the easement.  (Docket No. 6.)  The appropriation for the easement's acquisition purportedly was made by Congress in Public Law 109-114, 2005 HR 2528, 119 Stat. 2372.  (Pl.'s Mem. at 4, Attach. A, Docket No. 16-2.)

The Government seeks to strike Orchard's defenses and denials, specifically Orchard's claims that (1) deny there is proper authority for the taking; (2) deny the public use for which the property is to be taken is the construction and operation of a railhead and rail spur to connect the U.S. Army National Guard facility to the main line of the Union Pacific Railroad; (3) object to the nature and scope of the taking, as well as its extent; (4) contend the government failed to adequately consider alternative routes resulting in less of a taking; (5) assert alternative routes are available; (6) the Government acted arbitrarily and not in good faith; (7) the Government failed to negotiate in good faith for the taking; and (8) the Government failed to pursue all other available options.  The Government also objects to Orchard's reservation of a right to supplement its objections and defenses.

The Government argues that none of Orchard's denials, objections, and defenses are properly asserted in a condemnation action, because the role of the Court is limited solely to deciding whether the purpose for which the property was taken is for a congressionally authorized public use.  (Pl.'s Mem. at 2, Docket No. 16-2.)  Orchard argues to the contrary, contending that Rule 12(f) was not meant at this stage to strike defenses that require more discovery, and that the defenses it asserts are proper.  (Def.s' Response, Docket No. 20).  The Court will discuss each of the parties' arguments in more detail below.

**MEMORANDUM DECISION AND ORDER - 3**

## III.
## Analysis

**A.      Standards Governing Motions To Strike.**

"A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and rarely granted. *See Tonka Corp. v. Rose Art Industries*, 836 F.Supp. 200, 217 (D.N.J., 1993); *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D. Cal.1990), *abrogated on other grounds*, *Stanton Road Assocs. v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir.1993). Such motions should not be granted "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Tonka Corp.*, 836 F.Supp. at 217 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382 (1969)). When a motion to strike an allegedly legally insufficient, immaterial or impertinent defense is brought, the "motion will be denied if the defense has any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law." *U.S. v. Articles of Food . . . Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho 1975). An affirmative defense may be stricken as insufficient if "it is not recognized as a defense to the cause of action." *Tonka Corp.*, 836 F.Supp. at 217. The Court must "view the pleading under attack in the light most favorable to the pleader." *Bassiri v. Xerox Corp.*, 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003).

**B.     Specific Objections.**

   **1.     Right to Amend Answer.**

The Government asserts that Orchard's reservation of its right to amend its answer in paragraph sixteen is prohibited by Fed. R. Civ. P. 71.1(e)(3).  Orchard contends that Fed. R. Civ. P. 71.1(e)(3) was not intended to nullify a litigant's right to amend its answer under Fed. R. Civ. P. 15.  Orchard is correct.

Fed. R. Civ. P. 71.1 governs procedures related to condemnation by the use of eminent domain.  Fed. R. Civ. P. 71.1(a).  Subsection (e) of the Rule states "[a] defendant waives all objections and defenses not stated in its answer.  No other pleading or motion asserting an additional objection or defense is allowed."  Fed. R. Civ. P. 71.1(e)(3).  Notwithstanding, the Advisory Committee Notes to Rule 71.1 specifically state that subdivision (e) simply means that "all defenses and objections [are] to be presented in an answer and . . . not a preliminary motion," and that a defendant's "need to amend the answer is adequately protected by Rule 15, which is applicable by virtue of subdivision (a) of this Rule 71A."  Thus, the explanation of the rule makes it clear that Orchard may amend its answer under Rule 15, and Rule 71.1(e)(3) does not inhibit its ability to do so.  *United States v. 729.773 Acres of Land,* 531 F.Supp. 967, 970 (D. Hawaii 1982) (explaining that the Advisory Committee intended for Rule 15 to apply under Rule 71).  The recent renaming of Rule 71A to Rule 71.1 and the amendments to its text were "stylistic" and not meant to change the original intent of the Rule.  Advisory Comm. Note, 2007 Amendments, Fed. R. Civ. P. 71.1.

Therefore, the reservation of Orchard's right to amend its answer in paragraph sixteen will not be stricken.

**MEMORANDUM DECISION AND ORDER - 5**

### 2.     Abuse of Discretion.

The Government argues that the affirmative defenses asserted in paragraphs 9-13 are impermissible attacks on the discretion of the Department in implementing the condemnation action. (Pl.'s Mem. at 5, Docket No. 16-2.) Specifically, paragraph twelve asserts that "Plaintiff has abused its discretion, acted arbitrarily, and has not acted in good faith" by failing to consider available alternative routes. Paragraph ten also asserts that Plaintiff failed to consider alternate routes, and paragraph eleven asserts that alternative routes were available. Paragraphs nine and thirteen object to the extent of the taking. The Government contends that "abuse of discretion" is not a valid defense because, over the past century, "no case in the federal system has been found to invalidate a condemnation case for abuse of discretion." (Pl.'s Mem. at 4, Docket No. 16.2.) Orchard argues that the Ninth Circuit Court of Appeals considers the defense of abuse of discretion viable, as well as the other related objections.

Contrary to the Government's position that the only issue in a condemnation proceeding is whether the purpose for a taking is a congressionally authorized use, Fed. R. Civ. P. 71.1 contemplates that the judge has a role in condemnation proceedings "much broader than [s]he occupies in a conventional jury trial. It is for [her] to decide 'all issues' other than the precise issue of the amount of compensation to be awarded." *United States v. Reynolds*, 397 U.S. 14, 20 (1970). Thus, except for the single issue of "just compensation," the trial judge "is to decide all issues, legal and factual, that may be presented." *Reynolds*, 397 U.S. at 19. The broad inclusion of "all issues" within the scope of the judge's decision making authority necessarily contemplates that there are, indeed, other issues, and that the Government seeks to constrict Rule 71.1 despite its intended scope.

**MEMORANDUM DECISION AND ORDER - 6**

In *United States v. Carmack*, 329 U.S. 230, 243 (1946), the Supreme Court left open the viability of the defense that the selection of land by Congress or a federal agency could be set aside if the designated officials "had acted in bad faith or so 'capriciously and arbitrarily' that their action was without adequate determining principle or was unreasoned." In *Carmack,* however, the Court found that it was "unnecessary" to apply the arbitrary and capricious standard because "[t]he record presents no such issue . . . ." *Id. See also Id.* n.5 (describing the steps taken to select the particular parcel of land at issue, and explaining that they were set forth to demonstrate that "the selection here cannot be classed as 'capricious and arbitrary'").

The Ninth Circuit Court of Appeals in *Southern Pac. Land Co. v. United States*, 367 F.2d 161, 162 (9th Cir. 1966), citing *Carmack*, recognized that the decision to condemn a particular property or property interest is subject to judicial review on the ground that the administrative decision to take the property was arbitrary and capricious. *See also United States v. 2.9 Acres of Land*, 554 F.Supp. 529, 531 (D. Mont. 1982) (recognizing the right to assert an arbitrary and capricious defense to a condemnation action under *Southern Pacific*); *United States v. 113.81 Acres of Land*, 24 F.R.D. 368, 370-71 (N.D. Cal. 1959) (refusing to strike a defense that asserted an administrative agency's action in determining land to be condemned was arbitrary or capricious, and stating that Rule 12(f) was not intended to "furnish an opportunity for the determination of disputed and substantial questions of law").

The purported fact that no federal appellate court has yet to actually decide government officials acted arbitrarily and capriciously in the selection of land for condemnation purposes is of no moment. Although Orchard Defendants may not prevail or prove their affirmative defense, that does not equate to an inability to assert the defense in an answer. The Ninth Circuit Court of

**MEMORANDUM DECISION AND ORDER - 7**

Appeals recognizes the defense, and *Carmack* has not been overruled.

The Government also argued during the hearing that the holding in *United States v. 80.5 Acres*, 448 F.2d 980, 983 (9th Cir. 1971), compels the Court to conclude that it has no ability to second guess the Government's decision to take property for its stated public use. The Court reads *80.5 Acres* to stand for the proposition that the defense of arbitrary and capricious action in selecting the land is distinct from the defense that the land is not "necessary." The Court of Appeals in *80.5 Acres* explained that "courts are not vested with authority judicially to review the power of Congress to authorize acquisition of land. Once an administrative agency designated by Congress has been delegated authority to take lands for a public use, the courts have no jurisdiction to review action of that administrative agency in its determination as to the parcels of land that are or are not *necessary* to the project." *United States v. 80.5 Acres*, 448 F.2d at 983 (italics added).

There is a distinction, however, between attacking a determination as to what land is "necessary" versus asserting that the selection process itself was fraught with misconduct. In this case, Orchard does not assert that the Government does not need the land or that the land itself is unnecessary to fulfill the Government's asserted purpose, but rather that the decision to take this particular land, and the extent of the taking, was made "arbitrarily and capriciously." Orchard attacks the process, not the ultimate need for the land, and thus *United States v. 80.5 Acres* is distinguishable.

Accordingly, to the extent that the denials and objections in paragraphs 9-13 assert that government officials acted arbitrarily and capriciously in the identification, selection, and extent of the property interest to be taken, those defenses will not be stricken.

**MEMORANDUM DECISION AND ORDER - 8**

### 3. Failure to Comply with 10 U.S.C. § 2663(f).

Paragraph fifteen of Orchard's answer asserts that the Government did not comply with 10 U.S.C. § 2663(f) because it did not pursue other available options for the acquisition or use of the land, including using land adjacent to Orchard's that is already owned by the federal government. At the time of the hearing, the Government asserted it was pursuing its taking under 10 U.S.C. § 2663(c), and thus 10 U.S.C. § 2663(f), which by its terms only applies to takings under 10 U.S.C. § 2663(a), does not apply. However, the Government conceded during the hearing that the correct subpart of Section 2663 was not specified in its Complaint, and only mentioned in its briefing in support of the motion to strike.

The Court agrees with Orchard that its defense asserted under Section 2663(f) was correctly plead under Fed. R. Civ. P. 71.1 in the absence of any mention in the Complaint that the Government was proceeding under Section 2663(c). Whether the Government complied with the statute governing acquisition of Orchard's land is certainly a viable legal issue for the Court to consider under Fed. R. Civ. P. 71.1. Section 2663(f) requires the Government to follow enumerated steps prior to commencing a condemnation proceeding. Whether it did so would be a legal issue for the Court to consider under Rule 71.1, and constitutes an issue of law that may not be stricken under Fed. R. Civ. P. 12(f).

Nevertheless, counsel's admission on the record is duly noted that the Government is proceeding under Section 2663(c), meaning Section 2663(f) does not apply. The Government is bound by its counsel's in-court admission. *See Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 934 (9th Cir. 1986) (holding that absent egregious circumstances, clients are bound by the conduct of

**MEMORANDUM DECISION AND ORDER - 9**

their attorneys, including admissions made by them).[2]  By its terms, Section 2663(f) is limited to legal proceedings to acquire interests in land under Section 2663(a).  *See* 10 U.S.C. § 2663(f)(1).

Accordingly, the first sentence of paragraph fifteen in Orchard's Answer objecting to the Government's taking on the basis of failure to comply with Section 2663(f) will be stricken. However, to the extent the remainder of paragraph fifteen of Orchard's Answer relies on the assertion that the Government failed to pursue other possible alternatives that minimized impacts upon privately owned land, the Court considers that objection to be intertwined with Orchard's defense based upon arbitrary and capricious conduct, which the Court has already considered to be a viable defense.  Therefore, the second sentence in paragraph fifteen will not be stricken.

### 4.    Negotiation in Good Faith.

Orchard alleges in paragraph fourteen that the Government failed to negotiate the terms of the purchase in good faith and failed "to offer" just compensation for the taking of Orchard's property.[3]  The Government argues that it need not negotiate at all, while Orchard does not specifically address this issue in its briefing and instead considers it together with its arbitrary and capricious defense.  Both parties submitted additional authorities concerning the requirement, if any, that the Government negotiate in good faith.  (Docket Nos. 34, 35.)

The Government argues that *United States v. Cobb*, 328 F.2d 115 (9th Cir. 1964),

---

[2]  The Court considers the Government's Complaint to be amended by this admission pursuant to Fed. R. Civ. P. 15.

[3]  It was not clear in the Government's brief whether it sought to strike both sentences in paragraph fourteen.  During the hearing, the Government clarified that it did indeed seek to strike the entire paragraph, and that had the second sentence stated that it "failed to deposit" just compensation, such wording would have been acceptable.  The Court is permitted to determine the amount of proper compensation under Rule 71.1(h).  Fed. R. Civ. P. 71.1(h) ("[T]he court tries all issues, including compensation . . . .").

**MEMORANDUM DECISION AND ORDER - 10**

supports its contention that no negotiation is required.  In *Cobb*, the court dealt with an objection concerning the sufficiency of the deposit.  The Ninth Circuit Court of Appeals held that the court had no authority to question the sufficiency of the estimate and deposit made.  *Cobb*, 328 F.2d at 116.  However, *Cobb* is not directly on point because it dealt with the actual amount of the deposit required under Fed. R. Civ. P. 71.1(j), and Orchard instead argues that the Government failed to negotiate the purchase of the property in good faith *prior* to making the deposit, thereby failing to "offer" just compensation.  Accordingly, *Cobb* is not applicable here, because *Cobb* does not address the requirement, if any, of good faith negotiations prior to instituting a condemnation action.

Orchard asserts that 42 U.S.C. § 4651 implies a good faith negotiation requirement.  That statute, entitled the Uniform Real Property Acquisition Policy, sets forth policies that the heads of federal agencies are expected to follow when acquiring real property from private individuals or entities.  The statute states that the "head of a Federal agency shall make every reasonable effort to acquire expeditiously real property by negotiation."  42 U.S.C. § 4651(1).  The Government, on the other hand, argues that 42 U.S.C. § 4602(a) prevents Orchard from relying upon Section 4651(1).  Section 4602(a) states that "[t]he provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisition by purchase or condemnation."

The Court agrees with the Government that paragraph fourteen should be stricken. Section 4602(a) clearly states that Section 4651 shall not "affect the validity of any property acquisition."  Thus, Orchard's reliance upon Section 4651 to attack the Government's actions in failing to negotiate in good faith strikes at the heart of the validity of the Department's actions,

**MEMORANDUM DECISION AND ORDER - 11**

and is not a viable defense. Moreover, even if Section 4651 applied, there is no "good faith" requirement in the language of the statute, and the title of the Act clearly indicates it is a "policy" to follow, not a strict statutory mandate. Finally, unless a statutory provision requires negotiations, an attempt to reach an agreement with the owner for the purchase of property is not a condition precedent to condemnation proceedings. *United States v. 1.04 Acres of Land*, 538 F.Supp.2d 995, 1008–1009 (S.D. Tex. 2008). The statute authorizing the condemnation must contain the negotiation requirement, thereby precluding Orchard from relying upon Section 4651, because the negotiation requirement must be contained within the appropriation statute itself. *1.04 Acres*, 538 F.Supp.2d at 1009.

Turning to 10 U.S.C. § 2663(c), the specific statute the Government relies upon, that section applies to the acquisition of low-cost interests in land that the Secretary determines is needed in the interest of national defense and does not cost more than $750,000. 10 U.S.C. § 2663(c). There is no negotiation requirement contained in Section 2663(c), and therefore the conduct of negotiations or sufficiency of any offers prior to the taking are not viable legal defenses.[4] Consequently, paragraph fourteen will be stricken from Orchards' Answer.

---

[4] Even if Section 2663(f) applied, 10 U.S.C. § 2663(f)(1)(b)(ii) only requires that the Secretary of Defense "certify" that "negotiations" with the landowner "occurred." There is no "good faith" standard. Consequently, the "good faith" of negotiations, or the actual amounts discussed during negotiation, does not appear to provide a viable defense under 10 U.S.C. § 2663(f) had that section been applicable.

**MEMORANDUM DECISION AND ORDER - 12**

### 5. Denials Based Upon Insufficient Information or Belief.

Paragraph two of Orchard's Answer denies Plaintiff's assertion that there is proper authority for the taking because it "requires a legal conclusion," while paragraph six contends Orchard is "without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations" concerning the Government's assertion that the land would be put to a particular public use. The Government seeks to strike both of these denials as improper denials, because it claims that the statutory and congressional authority to take the land for the stated public use is clear. Orchard contends that the applicability of the statute, as well as the congressional appropriation for the taking and the alleged use, are matters that should be reviewed as questions of law and fact, and are not appropriate for dismissal under Rule 12(f).

As for paragraph two of the Complaint, whether a particular statute or law applies to the taking is a question for judicial review. In *United States v .95 Acres of Land*, 994 F.2d 696, 699 (9th Cir. 1993), the Court considered whether the National Environmental Policy Act applied to prevent a taking of privately owned forest lands. While the Court ultimately held that NEPA did not constitute a defense, the Court stated that "[t]he only question for judicial review in a condemnation proceeding is whether the purpose for which the property was taken is for a Congressionally authorized public use." *.95 Acres of Land*, 994 F.2d at 699. Thus, the applicability of 10 U.S.C. § 2663(c) to the land selected, and whether the purpose for the land's use satisfies the statutory requirements, are issues the Court is required to decide. *See also Berman v. Parker*, 348 U.S. 26, 33 (1954) (stating that, although the role is a narrow one, the judiciary does have a limited role in deciding whether or not congressional condemnation power is being exercised for a public purpose).

**MEMORANDUM DECISION AND ORDER - 13**

As for paragraph six, the Government is, at this stage, merely asserting in its Complaint that it intends to construct, maintain, and operate a rail spur to connect the U.S. Army national guard facility to the main line of the Union Pacific Railroad. Orchard, by asserting it has no knowledge as to the truth or falsity of this statement, is complying with Fed. R. Civ. P. 8(b)(5), which permits a party lacking knowledge or information about the truth of an allegation to state that fact and thereby deny it. This particular factual question is not appropriate to resolve on a motion to strike under Rule 12(f), because it presents a question of fact that relates to Plaintiff's claim.

Accordingly, neither of the denials in paragraphs two and six of Orchard's Answer will be stricken.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

Plaintiff's Motion to Strike (Docket No. 16) is **DENIED IN PART AND GRANTED IN PART**. Paragraph 14 and the first sentence of paragraph 15 shall be stricken from Defendant Orchard Land, LLC's and Orchard Road, LLC's Answer.



DATED: June 4, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge